**SO ORDERED: December 23, 2010.**





Anthony J. Metz III
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PAIN MANAGEMENT CENTER | ) | CASE NO. 08-10555-AJM-11 |
| OF SOUTHERN INDIANA, P.C., | ) | |
| PAIN MANAGEMENT & SURGERY | ) | Case No. 08-10560-AJM-11 |
| CENTER OF SOUTHERN INDIANA, | ) | |
| INC.,  and COMPREHENSIVE | ) | Case No. 08-10557-AJM-11 |
| SPINE CARE, P.C. | ) | |
| | ) | Jointly Administered under |
| Debtors | ) | Case No. 08-10555-AJM-11 |
| _____ | ) | |
| _____ | ) | |
| OFFICIAL UNSECURED CREDITORS' | ) | |
| COMMITTEE and AYRES CARR & | ) | |
| SULLIVAN, P.C. AS TRUSTEE OF | ) | |
| THE UNSECURED CREDITOR TRUST | ) | |
| | ) | |
| Plaintiff | ) | Adversary Proceeding |
| vs. | ) | No. 10-50526 |
| WESTERN SPRINGS NATIONAL | ) | |
| BANK AND TRUST, KAMAL K. | ) | |
| TIWARI, AND MARISHA, LLC. | ) | |
| | ) | |
| Defendants | ) | |

1

**ORDER DENYING MOTION TO DISMISS COUNT I OF THE COMPLAINT**

This matter came before the Court for hearing on December 20, 2010 upon the Motion to Dismiss Count I of the Plaintiff's Complaint. The Plaintiff appeared by counsel, Bret S. Clement; Movant and Defendant Western Springs National Bank appeared by counsel, Jennifer Watt. The Court took ruling on the matter under advisement at the conclusion of the hearing. The Court now DENIES the motion to dismiss for the reasons set forth below.

*Background*

The Plaintiff filed it Complaint to Set Aside Fraudulent Transfers on August 26, 2010 of which Count I seeks to avoid as a fraudulent transfer the security interest granted to Western Springs National Bank ("Western Springs") by the Debtor in October 2006. The Complaint generally alleged that in October, 2006, Western Springs and the Debtor entered into a business loan agreement wherein Western Springs agreed to make advances to the Debtor for working capital and for Tiwari's personal investment purchases in the amount of $2,000,000 (the "Loan"). In exchange for the Loan, the Debtor granted Western Springs a security interest in its equipment, inventory, accounts and all other property of the Debtor. The Complaint further alleges that "[u]pon information, knowledge, and belief, all or substantially all of the proceeds of the Western Springs Loan were used for a personal investment of Tiwari in [an entity known as] Marisha [LLC] ("Marisha"). Tiwari's investment in Marisha did not benefit Pain Management in any quantifiable manner". Complaint, ¶16.

Western Springs has moved to dismiss Count I under Fed. R. Bankr. P

7012(b)(6) on the basis that it was a good faith transferee who took for value and thus may retain any interest and enforce any obligation arising under the Loan under §548(c).

## *Discussion*

### *Rule 12(b)(6) - Failure to State a Claim for Relief*

Fed. R. Bankr. P. 7012(b) tracks Fed. R. Civ. P. 12(b)(6) which provides that a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. When determining such motions, the Court accepts every factual allegation in the plaintiff's complaint, and dismissal of the complaint is proper only if there is no legal theory upon which the plaintiff could recover. See, *Village of Rosemont v. Jaffe*, 482 F.3d 926, 936 (7th Cir. 2007).

Here, Western Springs argues that it acted in good faith and provided value to the debtor, which would be a defense to a fraudulent transfer action under §548(c). Western Springs contends that the Plaintiff's allegations that Western Springs may not have paid the proceeds directly to the Debtor are baseless and contrary to the terms of the Loan.

The Court is required to accept the factual allegations of the Plaintiff's complaint on a motion to dismiss. The Complaint alleges that "[t]he Committee and the Trustee do not know, at the present time and subject to discovery, whether the proceeds of the Western Springs Loan were paid by Western Springs to [the Debtor], Tiwari or Marisha. Complaint ¶ 17. If the discovery process reveals that Western Springs advanced the funds to Tiwari or Marisha directly, the complaint will have stated a claim for relief as

the Debtor pledged its assets for proceeds it never received. Furthermore, paragraph 6(J) under "Affirmative Covenants" provides that the "purpose of this Loan is solely for working capital and to provide financing for Dr. Kamal K. Tiwari's personal investment purchases, unless specifically consented to the contrary by Lender in writing". It was acknowledged at the December 20th hearing that it was unknown how or to whom Western Springs advanced the funds. Finally, Section 548(c) upon which Western Springs depends is a defense that may eventually absolve it from liability here, but it is a defense that Western Springs, not the Plaintiff, bears the burden of proving.

### *Order*

Accordingly, Western Springs' motion to dismiss Count I of the complaint is DENIED.

### # # #

Distribution:

Bret Clement, Attorney for the Plaintiff
James Knauer/ Jennifer Watt, Attorneys for Defendant Western Springs National Bank
Jeremy Tempel/ Michael Ellis, Attorneys for Defendant Kamal Tiwari
David Bullington/ George Hopper, Attorneys for Defendant Marisha, LLC